UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL SHANE BARGO, JR.,

Plaintiff,

v. Case No. 3:26-cv-1983-MMH-PDB

SGT. RYAN RUIZ, et al.,

Defendants.

# ORDER

Plaintiff Michael Shane Bargo, Jr., an inmate of the Florida Department of Corrections (FDC), initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) accompanied by a motion to proceed in forma pauperis (Doc. 2). As Defendants, Bargo names six corrections officers at Union Correctional Institution (UCI); the Warden of UCI, Barry Reddish; and the Secretary of the FDC, Ricky Dixon. See Complaint at 3–5. He claims Defendants were deliberately indifferent to his serious medical needs or denied him due process in connection with disciplinary proceedings.

Bargo asserts as follows: Defendant Ruiz refused his request for "immediate medical attention" when he told Ruiz he had "suffered a series of seizures," because Ruiz believed Bargo was high on drugs; Defendant Lewis

later approached Bargo and warned him to "cease [his] disruptive behavior" or he would be sprayed with chemical agents; Defendant Manucy recorded the interaction with a hand-held camera; and two days later, on December 5, 2026, Defendant Brown informed Bargo that he had incurred two disciplinary reports (DRs).[1] Id. at 8–9. Defendants Hull and Fayo conducted the disciplinary hearing and found Bargo guilty on charges of unauthorized use of drugs and destruction of state property "based . . . on the statement of facts given by [Defendant] Ruiz." Id. at 10. Bargo filed appeals to both Warden Reddish and Secretary Dixon. Id. Both were denied. Id. As relief, Bargo seeks changes to certain provisions of the Florida Administrative Code (FAC), the firing of "all persons involved," a formal acknowledgment of his seizure disorder, reinstatement of all privileges removed due to the disciplinary team's findings, and punitive damages. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous,

[1] Bargo also asserts that, after Defendant Ruiz accused him of being high on drugs, he was "placed in a very small holding cell" where he suffered "another series of seizures," but he does not say that Defendant Ruiz observed his seizures or knew about them. See Complaint at 8. He further contends he was moved from the holding cell to a "heightened security cell" with only a mattress and boxers (because he was placed on property restriction), where he "had another series of seizures" and declared another medical emergency, which "was again denied." However, he does not say Defendant Ruiz or any other named Defendant was involved. See id.

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Bargo's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not

give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action," Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). A plaintiff must allege "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Bargo asserts that Defendants Ruiz, Manucy, and Lewis were deliberately indifferent to his serious medical needs and violated provisions of the FAC regarding procedures for handling and responding to inmate medical emergencies. See Complaint at 12. He asserts Defendants Brown, Fayo, Hull, Reddish, and Dixon, violated his Sixth Amendment right to "due process [] [b]y

refusing to allow [him] to participate in the investigation"[3] of his DRs. Id. at 13. Bargo's allegations implicate protections under the Eighth and Fourteenth Amendments.

**Eighth Amendment Deliberate Indifference Claims**

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834).

As to the subjective inquiry, an inmate must allege the defendant was deliberately indifferent to a sufficiently serious risk of harm. "[T]he deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. For decades, the Eleventh Circuit described that "high bar" inconsistently as a "more than mere negligence" or "more than gross negligence standard." See

[3] The Sixth Amendment guarantees certain rights to those accused of crimes, not those already convicted and facing prison disciplinary charges.

Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) ("To establish deliberate indifference, a plaintiff must demonstrate that the prison officials (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with more than gross negligence." (internal quotations omitted)); see also Wade v. McDade, 106 F.4th 1251, 1255 (11th Cir. 2024). However, in 2024, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard as used in the criminal law. See Wade, 106 F.4th at 1253, 1262.[4]

The Eleventh Circuit recently emphasized that the subjective recklessness standard requires a plaintiff to show a prison official had "more than a generalized or abstract knowledge" of a risk. See McClinton v. Warden, Baldwin State Prison, 172 F.4th 1276, 1283 (11th Cir. 2026). "Put simply, a constitutional violation occurs only when prison officials act 'consciously' such that their acts or omissions knowingly have the effect of inflicting a punishment." Id. As such, the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474

[4] The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

U.S. 327, 330–31 (1986); see also Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

Bargo fails to state a plausible deliberate indifference claim against Defendants Manucy, Lewis, or Ruiz. His allegations are vague and conclusory, but to the extent he suggests they ignored a serious medical need (i.e., seizures), he asserts no facts permitting the reasonable inference Defendants Manucy, Lewis, or Ruiz knew he had a serious medical need that, if left unattended, would put him at a serious risk of harm. Indeed, according to Bargo, Defendants did not believe that he was having seizures but rather thought he was under the influence of drugs. See Complaint at 8.[5] Even if Defendants incorrectly or inadvisedly believed, based on Bargo's "observable behavior," that he was on drugs and not having a medical emergency, see id. at 10, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be

[5] Bargo alleges he told Defendant Ruiz he was having seizures, but he does not assert he also told Defendants Manucy and Lewis as much. See Complaint at 9. For purposes of this Order, the Court accepts that Defendants Manucy and Lewis knew Bargo claimed to be having seizures but, like Defendant Ruiz, did not believe him.

condemned as the infliction of punishment," see Farmer, 511 U.S. at 838.[6] Similarly, to the extent Defendants failed to comply with provisions of the FAC when Bargo claimed a medical emergency, such conduct at most suggests negligence. See Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence.").

**Fourteenth Amendment Due Process Claims**

With respect to inmate discipline, the Supreme Court has identified two circumstances in which a prisoner may be further deprived of liberty such that due process is required: (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court"; and (2) "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Kirby v. Siegelman, 195 F.3d 1285, 1291 (11th Cir. 1999) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). In these two instances, a prisoner

---

[6] Notably, Bargo does not allege a medical provider ever concluded he had in fact suffered seizures or required medical attention on December 3, 2025. See Complaint at 8–11. He also does not allege that Defendants' refusal to honor his request for emergency medical treatment resulted in any physical injury beyond bruising. See id. Also of note, Bargo in fact was disciplined for "unauthorized use of drugs." Id.

is entitled to written notice of the charges, a written statement by the factfinders detailing the evidence relied on and the reasons for the disciplinary action, and an opportunity to call witnesses and present documentary evidence at a disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974).

Here, Bargo does not allege facts permitting the reasonable inference that he was denied due process in connection with his disciplinary proceedings. His speculative contention that his "right to due process was taken away" is not supported by any well pled allegation of fact. See Complaint at 13. For instance, he does not allege that prison officials did not provide him written notice of the charges or a written statement detailing the evidence, nor does he allege that he was denied an opportunity to call witnesses or present evidence. See id. at 10. In fact, he concedes that Defendant Brown "came to [his] cell front and informed [him] that [he] had 2 pending DRs" and "conduct[ed] [an] investigation." Id. at 9. He also acknowledges that he had a disciplinary hearing. Id. at 10. Even if Bargo was not permitted to participate in the investigation, id. at 13, he is not constitutionally entitled to as much, see Wolff, 418 U.S. at 563–66.

Liberally construing Bargo's allegations, he appears to suggest that the disciplinary team found him guilty based on Defendant Ruiz's allegedly false factual statement. See Complaint at 10. As the Court previously noted, Bargo's

own allegations show that Defendant Ruiz subjectively believed Bargo was under the influence of drugs. Even if that was wrong, incurring a false DR does not give rise to a claim under § 1983. See, e.g., Feaster v. Bowers, No. 5:23-CV-310-TKW-MJF, 2024 WL 1515701, at *2 (N.D. Fla. Mar. 11, 2024)[7] (finding plaintiff's claim that defendant falsely stated in a written document that he saw plaintiff batter another inmate did not rise to the level of a plausible Eighth Amendment violation), report and recommendation adopted, (N.D. Fla. Apr. 8, 2024); Hall v. Samuels, No. 2:23-CV-414-JES-NPM, 2023 WL 5302328, at *3 (M.D. Fla. Aug. 17, 2023) ("[T]he filing of a false disciplinary charge, standing alone, does not state a constitutional claim.").

Moreover, accepting that Bargo was "sentenced to 60 days [in] disciplinary confinement" and lost gain time and certain privileges, "he has not alleged that the conditions of his confinement presented 'the type of atypical, significant deprivation' that creates a liberty interest." Allen v. Sec'y, Fla. Dep't

---

[7] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

of Corr., 578 F. App'x 836, 839 (11th Cir. 2014)[8] (per curiam); see also Sandin, 515 U.S. at 486 (finding 30 days in disciplinary segregation did not trigger due process protections where the conditions of disciplinary segregation were not significantly different from the conditions outside disciplinary segregation); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (affirming dismissal of the plaintiff's due process claims where he had not alleged "that he was confined in harsher conditions than inmates in administrative confinement or close management I status generally") (per curiam).

Finally, to the extent Bargo seeks to challenge the disciplinary team's finding of guilt and Defendants Reddish's and Dixon's denials of his appeals, he fails to state a plausible claim. An inmate generally may not challenge a DR in a civil rights action unless the DR has been overturned or expunged, even if the inmate alleges the DR was false or baseless. Edwards v. Balisok, 520 U.S. 641, 648 (1997) ("[A] claim for declaratory relief and money damages, based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). Here, Bargo does not assert that his

[8] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

DRs have been overturned, and given he complains that his appeals were denied, it appears they have not. See Complaint at 10.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.
2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:
Michael Shane Bargo, Jr.